REDMOND & NAZAR, L.L.P.
245 North Waco, Suite 402
Wichita, KS 67202
316-262-8361

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BARRIER'S, INC. | ) | Case No. 09-13503 |
| | ) | Chapter 11 |
| Debtor-in-Possession | ) | |

**DEBTOR'S MOTION PURSUANT TO SECTIONS 105, 361, 362, 363 AND 507 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 4001 FOR ENTRY OF AN ORDER (I) AUTHORIZING USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION , (III) MODIFYING THE AUTOMATIC STAY AND (IV) SCHEDULING A FINAL HEARING**

COMES NOW the debtor, Barrier's, Inc., and respectfully represents:

### Background

1.     On the date hereof (the "Commencement Date"), the debtor commenced with this Court a voluntary case under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").  The debtor is authorized to operate its business and manage its property as debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

### Jurisdiction and Venue

2.     This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §1334.

3.     This is a core proceeding pursuant to 28 U.S.C. §157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §1408 and 28 U.S.C. §1409.

In the United States Bankruptcy Court for the District of Kansas
IN RE:  Barrier's, Inc.
        Bankruptcy Case No. 09-13503-11
        Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule
        4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III)
        Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 2

## Barrier's Business

4.      The debtor is a preeminent jewelry store in Wichita, Kansas.  It is a leading retailer of fine jewelry in Wichita, Kansas.

5.      The debtor operates at its location at 4800 East Douglas, Wichita, Kansas 67208 and has been at that location for approximately twenty-five (25) years.

6.      The debtor's business activity has declined in the last several years and has been severely jeopardized by the death of its President, Jay Barrier.  Mr. Barrier died in October, 2008 through an accident.  Since that period of time, the business has been run by its employees and by Mr. Barrier's mother, Mary Ellen Barrier, the widow of John Barrier who, together with his father Carl, founded Barrier's in 1933.

7.      Due to the current economic climate and the lack of succession management, the business has seriously deteriorated.  The administrator of Mr. Barrier's estate, together with the remaining family members, believe that it is in the best interest of the debtor and its creditors to liquidate its assets through a progressive liquidation sale to commence in November, 2009 and terminate in early 2010.  All assets of the debtor are to be liquidated.

## Summary of Relief Requested

8.      By this motion (the "Motion"), the debtor requests (i) pursuant to Sections 105, 361, 362, 363 and 507 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 4001(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"):

        a.      Authority to use cash collateral;

In the United States Bankruptcy Court for the District of Kansas
IN RE: Barrier's, Inc.
     Bankruptcy Case No. 09-13503-11
     Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule
     4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III)
     Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 3

     b.     Authority to grant adequate protection to the Intrust Bank, N.A. and Rolex

Watch USA, Inc.

and (ii) pursuant to Bankruptcy Rule 4001(b)(2), the scheduling of a final hearing (the "Final

Hearing") with respect to the foregoing relief.

**Bankruptcy Rule 4001 Concise Statement**

9.     In accordance with Bankruptcy Rule 4001, below is a summary of the nature of the debtor's

request and proposed use of Cash Collateral:

     a.     <u>Parties with Interest in Cash Collateral</u>.  The parties with interest in Cash

Collateral are Intrust Bank, N.A. ("Intrust Bank") on all equipment, accounts,

inventory and personal property of the debtor pursuant to five (5) promissory

notes totaling approximately $400,000, Rolex Watch USA, Inc. ("Rolex")

secured by watches and watchbands bearing the trade names "Rolex,"

"Tudor" or "Cellini" together with all cash and non-cash proceeds of any of

the foregoing.  The debtor believes Rolex is paid in full and no balance is

due.  Rolex has been paid approximately $34,300 immediately prior to the

Commencement Date for shipments received within twenty (20) days of the

Commencement Date, and, thus, is entitled to administrative status under 11

U.S.C. §503(b)(9).

     b.     <u>Use of Cash Collateral</u>.  The debtor intends to use Cash Collateral to pay

expenses of the operation of its business in accordance with the Budget (as

In the United States Bankruptcy Court for the District of Kansas
IN RE:  Barrier's, Inc.
        Bankruptcy Case No. 09-13503-11
        Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule
        4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III)
        Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 4

defined below), up to amounts not to exceed 125% of the amounts set forth in the Budget on a cumulative basis measured weekly.

c. <u>Termination Date</u>.  The debtor seeks authorization to use Cash Collateral for the period (the "Specified Period") from the Commencement Date through January 15, 2010.  It is anticipated that Intrust Bank will be fully paid prior to this date and no creditor will claim an interest in Cash Collateral.

d. <u>Events of Default</u>.  The occurrence of any of the following events, unless waived in writing by Intrust Bank shall constitute an event of default (the "Events of Default"):

 1) the failure to remit proceeds of the liquidation sale conducted by the debtor and  Marsden Brothers Promotion, Inc. in accordance with the agreement reached with Intrust Bank;

 2) the obtaining after the Commencement Date of credit or the incurring indebtedness that is (i) secured by a security interest, mortgage or other lien on all or any portion of the Collateral which is equal or senior to any security interest, mortgage or other lien of Intrust Bank, or (ii) entitled to priority administrative status which is equal or senior to that granted to Intrust Bank;

 3) the entry of an order by the Court, other than the Interim

In the United States Bankruptcy Court for the District of Kansas
IN RE:  Barrier's, Inc.
        Bankruptcy Case No. 09-13503-11
        Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule
        4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III)
        Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 5

Order, granting relief from or modifying the automatic stay of Section 362 of the Bankruptcy Code (i) to allow any creditor to execute upon or enforce a lien on or security interest in any Collateral, or (ii) with respect to any lien of or the granting of any lien on any Collateral to any state or local environmental or regulatory agency or authority, which in either case would have a material adverse effect on the business, operations. property, assets, or condition, financial or otherwise, of the debtor;

4)      dismissal of the case or conversion of the case to Chapter 7 case, or appointment of a Chapter 11 trustee or examiner with enlarged powers or other responsible person;

5)      upon written notice from the Intrust Bank, any material misrepresentation of a material fact made after the Commencement Date by the debtor or its agent, Marsden Brothers Promotion, Inc., to Intrust Bank about the financial condition of the debtor, the nature, extent, location or quality of any Collateral, or the disposition or use of any Collateral, including Cash Collateral;

6)      the sale after the Commencement Date of any portion of any

In the United States Bankruptcy Court for the District of Kansas
IN RE: Barrier's, Inc.
      Bankruptcy Case No. 09-13503-11
      Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule
      4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III)
      Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 6

of the debtor's assets outside the ordinary course of dealing with Marsden Brothers Promotion, Inc. through the liquidation sale outlined in the Consignment and Promotion Agreement;

7)      upon written notice from Intrust Bank, the material failure to make Adequate Protection Payments or other payments to Intrust Bank as set forth in the Budget when due; and

8)      the failure by the debtor to perform, after notice from the Intrust Bank, in any respect, any of the material terms, provisions, conditions, covenants, or obligations under the Interim Order.

e.      <u>Rights and Remedies Upon an Event of Default</u>. Immediately upon the occurrence and during the continuation of an Event of Default, Intrust Bank may declare a termination, reduction or restriction on the ability of the debtor to use Cash Collateral (any such declaration shall be referred to herein as a "Termination Declaration"). The Termination Declaration shall be given by facsimile (or other electronic means) to counsel to the debtor, counsel to the Internal Revenue Service ("IRS"), counsel to the Kansas Department of Revenue ("KDOR"), counsel to Rolex, counsel to any official committee of unsecured creditors appointed in this case pursuant to Section 1102 of the

In the United States Bankruptcy Court for the District of Kansas
IN RE: Barrier's, Inc.
     Bankruptcy Case No. 09-13503-11
     Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule
     4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III)
     Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 7

Bankruptcy Code (a "Statutory Committee") and the United States Trustee (the "U.S. Trustee") (the earliest date any such Termination Declaration is made shall be referred to herein as the "Termination Declaration Date"). During the period that ends five (5) business days after the Termination Declaration Date (the "Remedies Notice Period"), the debtor may use Cash Collateral in accordance with the terms and provisions of the Budget solely to meet payroll obligations and to pay expenses critical to the preservation of the debtor and its estate as set forth in the Budget and the debtor may request that the Court order further use of Cash Collateral.

f.     <u>Adequate Protection</u>.

       1)     Intrust Bank, for its benefit, shall receive, (i) an additional and replacement continuing valid, binding, enforceable, non-avoidable, and automatically perfected post-petition security interest in and lien (the "Senior Adequate Protection Liens") on any and all presently owned and hereafter acquired personal property and all other assets of the debtor and its estate, together with any proceeds thereof, including, without limitation, as set forth in the loan documents; (ii) to the extent provided by Sections 503(b) and 507(b) of the Bankruptcy Code, an allowed superpriority administrative expense claim

In the United States Bankruptcy Court for the District of Kansas
IN RE: Barrier's, Inc.
     Bankruptcy Case No. 09-13503-11
     Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule
     4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III)
     Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 8

in the case and any Successor Case (the "Senior Adequate Protection Superpriority Claim"); (iii) (1) payments of proceeds from the liquidation of secured assets on a weekly basis through the liquidation sale in an amount to be agreed upon by the parties; at a minimum to the debtor will set aside a sum sufficient to satisfy the allowed pre-petition liens of these creditors by January 15, 2010; (b) ongoing payment of the reasonable fees, costs and expenses of Intrust Bank, including, without limitation, the reasonable fees and expenses of legal and other professionals retained by Intrust Bank; (c) payment of all aggregate cash of the debtor in the debtor-in-possession account each week, which payment shall be made at or before the close of business on Friday of each week (or, if Friday is not a business day, the next business day) and which payment shall be applied to the pre-petition credit obligations in accordance with the Budget;

2)     As further adequate protection, the debtor is authorized and directed to provide adequate protection payments to Rolex in an amount equal to its invoice cost for unpaid invoices for goods shipped within twenty (20) days of the Commencement Date for the benefit of itself.

In the United States Bankruptcy Court for the District of Kansas
IN RE: Barrier's, Inc.
Bankruptcy Case No. 09-13503-11
Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule
4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III)
Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 9

g.     Priority of Adequate Protection Superpriority Claim.  Except for the Carve Out, the Adequate Protection Superpriority Claims of Intrust Bank shall have priority over all administrative expenses and unsecured claims against the debtor and its estate, now existing or hereafter arising, of any kind or nature whatsoever, including, without limitation, administrative expenses of the kinds specified in or ordered pursuant to Sections 105, 326, 328, 330, 331, 365, 503(a), 503(b), 507(a), 507(b), 546(c), 546(d), 726 (to the extent permitted by law), 1113 and 1114 of the Bankruptcy Code and, upon entry of the Final Order, the Senior Adequate Protection Superpriority Claim shall have priority over all claims pursuant to Section 506(c) of the Bankruptcy Code.  Notwithstanding any provisions of the Interim Order, no Adequate Protection Liens shall attach to, and no Adequate Protection Superpriority Claims shall be recoverable from avoidance actions prior to entry of a Final Order.

h.     Carve Out.  "Carve Out" means the following amounts:

1)     statutory fees payable to the U.S. Trustee;

2)     pursuant to Section 726(b) of the Bankruptcy Code, claims allowed by a final order of the Bankruptcy Court under Section 503(b) of the Bankruptcy Code that are incurred after the conversion of the Chapter 11 case to a case under Chapter

In the United States Bankruptcy Court for the District of Kansas
IN RE:   Barrier's, Inc.
        Bankruptcy Case No. 09-13503-11
        Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule
        4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III)
        Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 10

7 of the Bankruptcy code in an amount not to exceed $5,000;

3) the allowed and paid professional fees and disbursements incurred by the debtor in an amount not to exceed $75,000; and

4) up to $75,000 of other professional fees and disbursements incurred prior to the entry of the Final Order and, subsequent to the entry of a Final Order, such amounts as are provided in the Budget, by an Statutory Committee for any professionals retained by final order of the Court or for any certified public accountants retained by the debtor and appointed by the Court.

i. Sale Covenants. The debtor shall comply with the following covenants :

1) on or before November 30, 2009, the Court shall have entered an order (the "Sale Procedures Order") approving the liquidation sale by Marsden Brothers Promotion, Inc. and the assumption of the Marsden Brothers Promotion, Inc. Consignment and Promotion Agreement.

j. Section 506(c) Claims. Upon entry of the Final Order, no costs or expenses of administration which have been or may be incurred shall be charged against Intrust Bank or Rolex or any of their respective

In the United States Bankruptcy Court for the District of Kansas
IN RE:  Barrier's, Inc.
         Bankruptcy Case No. 09-13503-11
         Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule
         4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III)
         Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 11

claims or the Collateral pursuant to Sections 105 or 506(c) of the Bankruptcy Code, or otherwise, without the prior express written consent of them.

k.      Lien on Avoidance Actions.  From and after the date of entry of the Final Order, "Collateral" shall also include all proceeds of actions under Chapter 5 of the Bankruptcy Code.  The Adequate Protection Liens secure the payment of the pre-petition obligations in an amount equal to any diminution in value of the Intrust Bank's interest in the Collateral from and after the Commencement Date.

**Pre-Petition Liens and Pre-Petition Collateral**

10.     As more fully set forth in the loan documents, prior to the Commencement Date the debtor granted security interests in and liens on, among other things, substantially all of the debtor's existing and after acquired personal property, whether owned by, consigned to or leased from or to the debtor, to the full extent of the debtor's interest therein and regardless of where located, including the proceeds and products of, accessions to, substitutions and replacements for, and rents and profits of all such property and assets, but excluding consignment inventory (as defined in the Marsden Brothers Promotion, Inc. Consignment and Promotion Agreement) (collectively, the "Prepetition Collateral") to Intrust Bank (the "Prepetition First Liens").

In the United States Bankruptcy Court for the District of Kansas
IN RE: Barrier's, Inc.
        Bankruptcy Case No. 09-13503-11
        Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule
        4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III)
        Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 12

## The Sale Motion

11.     On the Commencement Date, the debtor filed its Motion Pursuant to Sections 105(a), 363

        and 365 of the Bankruptcy Code and Bankruptcy Rules 6004 and 6006 for approval of

        procedures in connection with the liquidation sale of all or substantially all of the debtor's

        assets through a liquidation sale and seeking this Court's approval of a sale of substantially

        all of the debtor's assets pursuant to an agency agreement between the debtor and  Marsden

        Brothers Promotion, Inc. (the "Consignment and Promotion Agreement"). The debtor intends

        to complete a sale of its assets and to repay the secured lien(s) of Intrust Bank and Rolex by

        completion of the liquidation sale.

## The Proposed Use of Cash Collateral

12.     The  process  of  sell-off  of  the  debtor's  inventory  is  already  underway  and  the  debtor

        anticipates commencing a sale of substantially all of its assets immediately upon Court

        approval.  In order to continue the orderly closing of its business location and the liquidation

        of the inventory maintained therein in a manner that will maximize the recoveries for the

        debtor's estate and all of its creditors, the debtor expects it will need to use the cash

        generated from the sale of its inventory and the collection of its receivables following the

        Commencement Date, which is the Cash Collateral of Intrust Bank and/or Rolex (if not

        satisfied prior to the Commencement Date).

13.     The debtor does not have available sources of working capital and financing to carry on the

        operation of its business without the use of Cash Collateral.  In order to operate in Chapter

In the United States Bankruptcy Court for the District of Kansas
IN RE: Barrier's, Inc.
    Bankruptcy Case No. 09-13503-11
    Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule
    4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III)
    Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 13

11 and maximize the value of its estate, the debtor must have access to cash generated from the sale of its inventory. Overall, the debtor requires the use of Cash Collateral to continue to operate its store, pay its employees and satisfy the other costs of operations, including, rent, taxes and insurance. The use of Cash Collateral is therefore critical to preserve and maintain the going concern value of the debtor.

14.    For the above reasons, the debtor has determined, in the exercise of its sound business judgment, that it requires the use of Cash Collateral for the maintenance and preservation of its property, the operation of its business, the payment of expenses attendant thereto, and the costs and expenses of administering this case. The debtor hereby requests authority to use Cash Collateral for working capital and capital expenditures, other general operating purposes, and to pay the costs and expenses of administering this case, all in compliance with a cash collateral budget (the "Budget"), which is attached hereto as **Exhibit A**. All payments described in the Budget are necessary to maintain and continue the debtor's operations and preserve its going concern value for the benefit of the debtor's creditors. Without cash to make the payment outlined in the Budget as permitted in the Interim Order, immediate and irreparable harm could occur to the debtor's operation and the interest of the debtor, its estate and its creditors.

15.    After extensive negotiation, Intrust Bank[1] has consented to the use of the Cash Collateral

---

[1] No negotiation has taken place with Rolex Watch USA, Inc. The debtor, however, intends to pay Rolex Watch USA, Inc. its outstanding invoices as an administrative expense upon approval of the Court. These provisions are intended to adequately protect Rolex in the event its administrative claim under 11 U.S.C. §503(b)(9)

In the United States Bankruptcy Court for the District of Kansas
IN RE: Barrier's, Inc.
        Bankruptcy Case No. 09-13503-11
        Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule
        4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III)
        Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 14

pursuant to the terms and conditions outlined in the proposed Interim Order for working capital and capital expenditures, other general operating purposes, and to pay the costs and expenses of administering the case, all in compliance with the Budget.

**Proposed Adequate Protection**

16.    In order to protect the Intrust Bank and Rolex from any diminution in value of their respective interests in the Cash Collateral, the debtor proposes to provide adequate protection to Intrust Bank and Rolex. (the "Proposed Adequate Protection") as follows.

17.    Intrust Bank and Rolex, for the benefit of themselves, shall receive:

    a.    additional and replacement continuing valid, binding, enforceable, non-avoidable and automatically perfected post-petition security interests in and liens (the "Senior Adequate Protection Liens") on any and all presently owned and hereafter acquired personal property and all other assets of the debtor and its estate, together with any proceeds thereof, including, without limitation, as set forth in the loan documents (collectively, the "Collateral");

    b.    to the extent provided by Sections 503(b) and 507(b) of the Bankruptcy Code, an allowed superpriority administrative expense claim in the case and any successor case (the "Senior Adequate Protection Superpriority Claim");

    c.    weekly payments of the proceeds of the liquidation sale in an amount not to

---

is not timely satisfied. The debtor believes that there is no other sum due Rolex other than its claim under 11 U.S.C. §503(b)(9).

In the United States Bankruptcy Court for the District of Kansas
IN RE:  Barrier's, Inc.
        Bankruptcy Case No. 09-13503-11
        Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule
        4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III)
        Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 15

exceed the amounts contained in the Budget, 2/3 of the projected net income, or such other amount as the debtor and Intrust Bank may agree;

d.      payment of the reasonable fees, costs and expenses of Intrust Bank under 11 U.S.C. §506(b), including, without limitation, the reasonable fees and expenses of legal and other professionals retained by it;

e.      post-petition non-default interest under 11 U.S.C. §506(b) to Intrust Bank;

f.      payment of all of the aggregate cash of the debtor in the debtor-in-possession account as of the close of business of Friday (or, if Friday is not a business day, on the next succeeding business day) of each week of which payment shall be applied to the pre-petition credit obligations.

### The Proposed Use of Cash Collateral Should Be Approved

**A.      The Use of Cash Collateral is Warranted and Should be Approved**

18.     Pursuant to Section 363(c)(2) of the Bankruptcy Code, a debtor may not use cash collateral unless:

"(A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorized such use, sale or lease in accordance with the provisions of this section."  11 U.S.C. §363(c)(2).

19.      As set forth above, cash is necessary for working capital and capital expenditures, and operating costs and expenses at the outset of, and during, this Chapter 11 case.  The debtor does not have available sources of working capital and financing to carry on the operation

In the United States Bankruptcy Court for the District of Kansas
IN RE:   Barrier's, Inc.
         Bankruptcy Case No. 09-13503-11
         Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule
         4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III)
         Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 16

of its business without the use of Cash Collateral.  The debtor's ability to maintain business relationships with its vendors, suppliers and customers and to meet payroll and other operating expenses is essential to the debtor's continued viability and the value of its business as going concerns.   The use of Cash Collateral is therefore critical to the preservation and maintenance of the going concern value of the debtor, as well as the value of the Collateral.

**B.      The Proposed Adequate Protection Should be Approved**

20.    Section 363(e) of the Bankruptcy Code provides that:

"on request of an entity that has an interest in property used... or proposed to be used... by the [debtor in possession], the court... shall prohibit or condition such use... as is necessary to provide adequate protection of such business."

11 U.S.C. §363(e).


"The concept of 'adequate protection' is not defined in the [Bankruptcy] Code except by the implications of the examples of adequate protection listed in §361." *In Re Beker Indus. Corp.*, 58 B.R. 725, 736 (Bankr. S.D.N.Y. 1986).

Section 361 of the Bankruptcy Code contains a non-exhaustive list of acceptable forms of adequate protection, including a cash payment or periodic cash payments, additional liens, replacement liens, and the "indubitable equivalent of such equity's interest in such property."

In the United States Bankruptcy Court for the District of Kansas
IN RE: Barrier's, Inc.
      Bankruptcy Case No. 09-13503-11
      Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule
      4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III)
      Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 17

11 U.S.C. §361.

21.     The determination of adequate protection is a "fact-specific inquiry." *In Re Mosello*, 195 B.R. 277, 289 (Bankr. S.D.N.Y. 1996) ("Its application is left to the vagaries of each case...") (citation omitted). The focus of the adequate protection requirement is to preserve the secured creditor's position at the time of the bankruptcy filing and to protect the secured creditor from diminution in the value of its collateral during the reorganization process. *Id.* at 288 (citation omitted); *Beker,* 58 B.R. at 736. *See In Re WorldCom, Inc.*, 304 B.R. 611, 618-19 (Bankr. S.D.N.Y. 2004) ("The legislative history for section 361 of the Bankruptcy Code, which sets forth how adequate protection may be provided under section 363, makes clear that the purpose is to insure that the secured creditor receives the value for which the creditor bargained for prior to the debtor's bankruptcy."). "However, neither the legislative history nor the Bankruptcy Code require the Court to protect a creditor beyond what was bargained for by the parties." *Id*. at 619. *See Beker*, 58 B.R. at 741 ("Adequate protection, not absolute protection, si the statutory standard.").

22.     The Proposed Adequate Protection offered by the debtor to Intrust Bank and Rolex is appropriate. Intrust Bank and Rolex are both receiving Adequate Protection Liens and Adequate Protection Superpriority Claims in the same priority as existed prior to the Commencement Date to adequately protect against the diminution of the value of their Collateral. In addition, the Intrust Bank and, to the extent unpaid, Rolex, are over-secured and entitled to payment of the proceeds of the liquidation sale. The debtor believes that it

In the United States Bankruptcy Court for the District of Kansas
IN RE:  Barrier's, Inc.
        Bankruptcy Case No. 09-13503-11
        Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule
        4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III)
        Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 18

is in the best interest of its estate, creditors and all parties in interest, that it reaches a consensual rather a litigated resolution with Intrust Bank and Rolex regarding the use of Cash Collateral and provide them with the Proposed Adequate Protection.  The Proposed Adequate Protection will sufficiently protect the interest of Intrust Bank and Rolex in the Cash Collateral.  Accordingly, the Proposed Adequate Protection is fair and reasonable and sufficient to satisfy the requirement of Section 363(c)(2) of the Bankruptcy Code.

### The Interim Approval Should be Granted

23.     Bankruptcy Rule 4001(b) provides that a final hearing on a motion to use cash collateral may not be commenced earlier than fifteen (15) days after the service of such motion.  Upon request, however, the Court is empowered to conduct a preliminary expedited hearing on the motion and authorize the use of cash collateral to the extent necessary to avoid immediate and irreparable harm to the debtor's estate pending a final hearing.

24.     Pursuant to Bankruptcy Rule 4001(b), the debtor requests that the Court conduct an expedited preliminary hearing on the Motion and (i) authorize the debtor to use the Cash Collateral of Intrust Bank in order to (a) maintain and finance the ongoing operations of the debtor, and (b) avoid immediate and irreparable harm and prejudice to the debtor's estate and all parties in interest, and (ii) schedule a Final Hearing on the relief requested herein.

25.     Absent authorization from the Court to use Cash Collateral on an interim basis pending Final Hearing, the debtor will be immediately and irreparably harmed.  As set forth above, the debtor's ability to use Cash Collateral is critical to its ability to operate its business and

In the United States Bankruptcy Court for the District of Kansas
IN RE:   Barrier's, Inc.
          Bankruptcy Case No. 09-13503-11
          Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule
          4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III)
          Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 19

continue the orderly liquidation of its store location.  Without immediate liquidity provided by the use of Cash Collateral, the debtor will simply be unable to conduct normal business operations, will be unable to pay basic expenses, like payroll, utilities and post-petition supplier payments, and will suffer a precipitous loss of value to the detriment of all parties in interest.  Indeed, absent the interim use of Cash Collateral, the debtor's business will be brought to an immediate halt and the debtor's objective of liquidating its business as going concern, while maintaining the value of the assets for the benefit of its creditors will fail without a fair opportunity to achieve the purpose of Chapter 11 of the Bankruptcy Code. Serious and irreparable harm to the debtor and its estate would occur, with disastrous consequences for the debtor, its estate and creditors.

26.     The Interim Order seeks approval to use Cash Collateral only in the amount necessary to sustain the debtor's operation prior to the Final Hearing, as set forth in the Budget.

## The Debtor Satisfies Bankruptcy Rule 6003

27.     The debtor submits that the facts cited herein illustrate that the relief requested is necessary to avoid immediate and irreparable harm to the debtor and its estate.  Based on the foregoing, Bankruptcy Rule 6003 has been satisfied.

## Notice

28.     No trustee or examiner has been appointed in this Chapter 11 case.  The debtor has served notice of this motion on (i) the United States Trustee; (ii) counsel for Intrust Bank, N.A.; (iii) Rolex Watch USA, Inc.; (iv) the Internal Revenue Service; (v) the Kansas Department of

In the United States Bankruptcy Court for the District of Kansas
IN RE:  Barrier's, Inc.
        Bankruptcy Case No. 09-13503-11
        Debtor's Motion Pursuant to Sections 105, 361, 362, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule
        4001 for Entry of an Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection , (III)
        Modifying the Automatic Stay and (IV) Scheduling a Final Hearing
Page 20

Revenue; and (vi) those creditors holding the twenty largest unsecured claims against the

debtor's estate.  The debtor submits that no other or further notice need be provided.

29.     No previous request for the relief sought herein has been made by the debtor to this or any

other court.

        WHEREFORE the debtor respectfully requests that this Court grant the relief requested

herein and such other and further relief as it deems just and proper.

RESPECTFULLY SUBMITTED:

REDMOND & NAZAR, L.L.P.


 /s/Edward J. Nazar
Edward J. Nazar, #09845
Attorney for Debtor
245 North Waco, Suite 402
Wichita, KS 67202-1117
316-262-8361 / 316-263-0610 fax
ebn1@redmondnazar.com