**SO ORDERED.**

**SIGNED this 29 day of March, 2010.**



_____
ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE

_____

Redmond & Nazar, L.L.P.
245 North Waco, Suite 402
Wichita, Kansas 67202-1117
316-262-8361

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BARRIER'S, INC. | ) | Case No. 09-13503 |
| | ) | Chapter 11 |
| <u>          Debtor-in-Possession          </u> | ) | |

### ORDER CONFIRMING LIQUIDATION PLAN

This matter comes on for hearing on the Debtor's Liquidation Plan Dated February 2, 2010. The debtor, Barrier's, Inc., appears by and through its counsel, Edward J. Nazar of Redmond & Nazar, L.L.P. The United States of America Internal Revenue Service appears by and through its Brian Sheern, Assistant United States Attorney. William F. Schantz additionally appears for the United States Trustee. Other appearances are as set forth in the record.

Barrier's, Inc., debtor-in-possession of the above-captioned Chapter 11 bankruptcy case (the "Debtor"), has proposed and filed its Liquidation Plan Dated February 2, 2010 (the "Plan") under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

The Disclosure Statement Dated February 2, 2010 with respect to the Plan containing "adequate information" (as such term is defined in §1125 of the Bankruptcy Code). The Disclosure Statement and Plan were transmitted to all creditors and other parties in interest, and the United States Trustee. A hearing to consider the Debtor's request for confirmation of the Plan was held by the Court on March 24, 2010. The Court, having considered the Plan and the announcements made by counsel at the confirmation hearing and a record of the hearing based on the considerations and after due deliberation, the Court makes the following findings of fact and conclusions of law and issues the following order under Section 1129 of the Bankruptcy Code. The Court notes that no formal objections have been filed to the Debtor's Liquidation Plan.

1. **Findings and Conclusions**. The findings and conclusions set forth herein and the record of the hearing constitute the Bankruptcy Court's findings of fact and conclusion of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rule 7052 and Rule 9014 to the extent the following findings of fact constitute conclusions of law, they are adopted as such, and to the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2. **Notice**. In accordance with the Solicitation Order, any person or entity required to receive notice of the hearing to consider confirmation of the Plan has received due and proper adequate notice thereof. All parties in interest have had the opportunity to appear and to be heard at the hearing.

3. **Bankruptcy Code and Proponent Compliance of Section 1129(a) and Section 1129(a)(2)**

**of the Bankruptcy Code**. The Plan and the Debtor have complied with the applicable provisions of the Bankruptcy Code, including, without limitation Sections 1122, 1123, 1125, and 1126 thereof.

4. **Proposed in Good Faith - Section 1129(a)(3) of the Bankruptcy Code**. The Plan has been proposed in good faith and not by any means forbidden by law. The Debtor: a) has advised counsel of its own choosing in the formation of the Plan, and b) the negotiation, execution and delivery of the Plan, the Disclosure Statement, and all other documents relating thereto all to be executed in conjunction with the Plan. Therefore, the Plan satisfies Section 1129(a)(3) of the Bankruptcy Code.

5. **Payments - Section 1129(a)(4) of the Bankruptcy Code**. Any payments made or to be made by the Debtor in connection with the Plan have been and hereby are approved by the Court as reasonable. Therefore, the Plan satisfies the elements of Section 1129(a)(4) of the Bankruptcy Code.

6. **Section 1129(a)(5) and Section 1129(s)(6) of the Bankruptcy Code**. The Debtor has complied with and satisfied the requirements of Section 1129(a)(5) and Section 1129(a)(6) of the Bankruptcy Code.

7. **Best Interest of the Creditor - Section 1129(a)(7) of the Bankruptcy Code**. With respect to each impaired class of Claims, each holder of a Claim of such class has accepted the Plan or will receive or retain under the Plan on account of such Claim property of the value, as of the Effective Date, that is not less than the amount that such holder would receive or retain

if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code. No holder of a secured claim has made an election under Section 1111(b)(2) of the Bankruptcy Code. Therefore, the Plan satisfies Section 1129(a)(7) of the Bankruptcy Code.

8. **Treatment of Priority Claims - Section 1129(a)(9) of the Bankruptcy Code**. Except to the extent that the holder of a particular has agreed otherwise, the Plan provides, and the holders of such Claims have agreed:

    (a) with respect to a Claim of a kind specified in Sections 507(a)(2), 507(a)(4) and 507(a)(5) of the Bankruptcy Code, on the Effective Date the holder of each such Claim will receive on account of such Claim cash equal to the allowed amount of such Claim; and

    (b) with respect to Claims of a kind specified in Section 507(a)(8) of the Bankruptcy Code, the holder of each such Claim will receive on account of such Claim either: (i) cash equal to the allowed amount of such Claim on or before the Effective Date.

No Class 1 - Priority Claims have voted to accept nor reject the Plan. Priority creditors will be paid in full and are, therefore, not impaired and presumed to have accepted the Plan. Therefore, the Plan satisfies Section 1129(a)(9) of the Bankruptcy Code. The unpaid penalty portion of the Internal Revenue Service tax will be paid as an allowed unsecured claim. This penalty portion is for the third quarter of 2008 and the second quarter of 2009.

9. **Opportunity to Vote; Acceptance Impaired Class - Section 1129(a)(8) and Section**

In the United States Bankruptcy Court for the District of Kansas
IN RE: Barrier's, Inc.
  Bankruptcy Case No. 09-13503-11
  Order Confirming Liquidation Plan
Page 5

**1129(a)(10) of the Bankruptcy Code**. All holders of Claims and equity interest impaired under the Plan have been given adequate opportunity to vote to accept or reject the Plan. The non-insider holders of allowed Claims in at least one (1) impaired class have voted to accept the Plan within the requirements of Section 1126(c) of the Bankruptcy Code. At the hearing, Debtor's counsel has admitted into evidence a voting summary wherein the following votes have been cast:

- Class 1 - Priority Claims

    -0- voting;
    -0- accepting;
    -0- rejecting;

- Class 2 - Secured Claims

    -0- voting;
    -0- zero accepting;
    -0- rejecting;

- Class 3 - Unsecured Claims

    12 ballots received;
    119 in class eligible to vote;
    11 accepting;
    1 rejecting;
    99.34% percentage accepting in dollar amount

However, due to the fact that Class 1, Class 2 and Class 3 will be paid in full, such classes of creditors are not impaired under the Plan and the requirements of Section 1129(a)(8) of the Bankruptcy Code have been met.

10. **Feasibility - Section 1129(a)(11) of the Bankruptcy Code**. Feasibility of the Plan is not

relevant, as this is a liquidating plan.

11. **Payment of Fees - Section 1129(a)(12) of the Bankruptcy Code**. All fees payable under 28 U.S.C. §1930 have been paid or the Plan provides for the payment of all such fees, including any necessary United States Trustee fees that are unpaid as of the date of confirmation. Therefore, the Plan satisfies Section 1129(a)(12) of the Bankruptcy Code.

12. **Sections 1129(a)(13, 1129(b), 1129(c) and 1129(d) of the Bankruptcy Code are Inapplicable**. There are no retirees benefits to continue, therefore, 11 U.S.C. §1129(a)(113) in inapplicable. Also, since each class of creditor is presumed to have accepted the Plan because such classes are not impaired under the Plan, the requirements of 11 U.S.C. §1129(a)(8)(B) have been met and, therefore, 11 U.S.C. §1129(b) is inapplicable. Additionally, since only one Plan was filed in the case, 11 U.S.C. §1129(c) is inapplicable. The Debtor submits, and the Court finds, that the principal purpose of the Plan was not the avoidance of taxes or the avoidance of the application of Section Five Securities Act of 1933, and since no party has requested relief pursuant to 11 U.S.C. §1129(d), the statute is inapplicable.

13. **Good Faith and Solicitation**. The solicitation of acceptance by the Plan was in good faith.

14. **Binding on Proponents and Holders**. The Debtor and all holders of Claims in interest are bound by the Plan within the meaning of 11 U.S.C. §1141 of the Bankruptcy Code.

15. **Fair and Equitable**. The Plan is fair and equitable to all parties in interest, including, without limitation, the Debtor, all unsecured creditors and all secured creditors.

BASED ON THE FOREGOING, THE STATEMENT OF COUNSEL AND THE FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

16. **Confirmation**. The Debtor's Liquidation Plan Dated February 2, 2010, which is incorporated by reference herein, is confirmed.

17. **Plan Obligations**. Nothing in this order or the Plan shall operate as a discharge of the Debtor from claims, obligations or liabilities to be paid or performed under the Plan and the documents to be executed in conjunction therewith.

18. **Binding Order**. The provisions of the Plan are binding on the Debtor and all creditors of the Debtor, holders of equity interest and any parties in interest, as well as their respective heirs, successors, assigns, trustees, subsidiaries, affiliates, officers, directors, agents, employees, representatives, attorneys, beneficiaries, guardians, and similar officers, and any person claiming through or in any right of any such persons. This confirmed Plan shall bind the Debtor and any creditor, whether secured or unsecured that is impaired under the Plan, and shall upon confirmation vest all property of the estate in the Debtor. All creditors and parties in interest are hereby enjoined from: 1) the commencement or continuation or issuance of employments of process of a judicial administrative or other action or proceeding against the Debtor; 2) the enforcement against the Debtor or against property of the Debtor of a judgment obtained before the commencement of the bankruptcy case; 3) any act to obtain possession of the property of the estate or property from the estate or to exercise

control property of the estate; 4) any act to create, perfect or enforce any lien against property of the estate; 5) any act to create, perfect or enforce against property of the Debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case; 6) any act to collect, assess or recover a claim against the Debtor that arose before the commencement of the bankruptcy case; 7) the setoff of any debt owing to the Debtor that arose before the commencement of the case. Nothing herein, however, enjoins any creditor or party in interest from the post-confirmation enforcement of the terms and conditions of the Plan.

19. **Acceptance of Documents**. Without any manner of limiting the relief granted pursuant to the proceeding paragraph, each and every federal, state and local governmental agency or department or similar units are hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Plan, including, but without limitation documents and instruments for recording in: (i) county recording offices or register of deed offices necessary to transfer title to or record or continue liens and encumbrances against real estate, and (ii) county and state offices wherein financing or termination statements under the Uniform Commercial Code are authorized to be filed.

20. **Jurisdiction**. The Court shall retain jurisdiction over the Chapter 11 case to the extent and the situation as provided for in the Plan, including, the exclusive jurisdiction to resolve all controversy, suits and disputes that may arise in connection with the interpretation,

enforcement, consummation, implementation or administration of the Plan and its accompanying Disclosure Statement.

21. **Effective Reference to Plan in this Order**. The failure to reference or discuss any particular provisions of the Plan, this order shall have no effect on the validity, binding effect, and enforceability of such provision, and each provision of the Plan and the term sheet shall have the same validity, binding effect, and enforceability as fully set forth in this order.

22. **Integration or Confirmation of Order Provisions**. The provisions of this order are integrated with each other and are non-severally and mutually dependent.

23. **Final Order**. This order is a final order and appear to which an appeal must be filed and shall commence immediately upon the entry hereof. Notwithstanding Bankruptcy Rule 3020(e), this order shall be effective and enforceable immediately upon the entry hereof.

IT IS SO ORDERED.

# # #

APPROVED BY:

REDMOND & NAZAR, L.L.P.


 /s/Edward J. Nazar
Edward J. Nazar, #09845
Attorney for Debtor
245 North Waco, Suite 402
Wichita, KS 67202-1117
316-262-8361 / 316-263-0610 fax
ebn1@redmondnazar.com

LANNY D. WELCH
United States Attorney


 /s/Brian Sheern
Brian Sheern, #21479
Assistant United States Attorney
1200 EPIC Center, 301 North Main
Wichita, KS 67202
316-269-6481 / 316-269-6484 fax
brian.sheern@usdoj.gov


UNITED STATES TRUSTEE


 /s/William Schantz
William Schantz, #12334
Attorney for United States Trustee
301 North Main, Suite 1150
Wichita, KS 67202
316-269-6214 / 316-269-6182 fax
william.schantz@usdoj.gov